UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| MARK SHANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 5:23-CV-00107-GFVT-MAS |
| | ) |
| BOURBON COUNTY et al., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Mark Shannon filed a Motion to Certify a "Damaged Class" and for Appointment of Class Counsel. [DE 29]. Defendants responded in opposition. [DE 30]. After careful examination, the Court recommends denial of Shannon's request.

For background, Shannon is an inmate at Bourbon County Regional Detention Center. Per Shannon, he "has been kidnapped through illicted [*sic*] and illegal means by the Paris Police". [DE 1, Page ID# 3]. He complains that he has suffered damages due to "overcrowded conditions", "overflowing sewage", "black mold", "vermin", "lack [of] access to clean drinking water and safe food". [DE 1, Page ID# 3-4]. Because of these harms, he seeks compensatory and punitive damages. [DE 1, Page ID# 7]. At no point in his Complaint does Shannon mention other inmates, suggest he is representative of other putative class members, or assert a claim for class certification.

Nevertheless, Shannon has now filed a two-page motion seeking class certification citing the bare bones elements listed in FED. R. CIV. P. 23. [DE 29]. For the Court to certify a class, the proposed class must satisfy all the threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). If each of these four prerequisites is established, plaintiffs must then show that the class may be maintained under one of the theories available under Rule 23(b). *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945-46 (6th Cir. 2011). Movant bears the burden of establishing that certification is proper. *In re American Medical Sys., Inc.*, 75 F.3d at 1079. A class action may **not** be approved simply "by virtue of its designation as such in the pleadings," nor may prospective class representatives simply rely upon "mere repetition of the language of Rule 23(a)" to support their motion. *Id*. Instead, an adequate basis for each prerequisite must be pleaded and supported by the facts. *Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974); *see also Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 629 (6th Cir. 2011), cert. denied, 565 U.S. 1261 (2012). Certification is proper only if the Court determines, "after a rigorous analysis, that the prerequisites of Rule 23(a)" are satisfied." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-51 (2011); *Zehentbauer Family Land, LP v. Chesapeake Exploration, LLC*, 935 F.3d 496, 503-04 (6th Cir. 2019).

Here, Shannon has never previously mentioned class action relief or "designat[ed] as such in the pleadings." *In re American Medical Sys., Inc.*, 75 F.3d at

1079. Consequently, Defendants were never placed on notice of such relief. *See Bunn v. Navistar, Inc.*, 797 Fed. App'x 247, 253 (6th Cir. 2020) (requiring that plaintiff provide sufficient facts in the complaint to place defendant on notice of a claim or relief). And even if the Court were to permit such an amendment to allow the addition of class action relief, Shannon's current request, as the Sixth Circuit warned against, merely recites the elements of Rule 23. Shannon cannot recite the elements of Rule 23 like a magic incantation and hope to transform his case into a class action. Shannon does not provide "an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled." *In re American Medical Sys., Inc.*, 75 F.3d at 1079.

Thus, the undersigned recommends that the District Court deny Shannon's motion for class certification and request for the appointment of class counsel under Rule 23. The Court issues this Recommended Disposition under Federal Rule of Civil Procedure 72(b)(1) and 28 U.S.C. § 636(b)(1)(B). Within fourteen days (14) after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make timely objections consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466, 468 (1985).

Entered this 26th of August, 2024.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY