UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| MARK SHANNON, | ) | |
| Plaintiff, | ) ) ) | Case No. 5:23-cv-00107-GFVT-MAS |
| V. | ) ) | |
| BOURBON COUNTY, *et al.*, | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon the Report and Recommendation [R. 31] filed by United States Magistrate Judge Matthew A. Stinnett, addressing a Motion to Certify a Damaged Class and for Appointment of Class Counsel filed by the Plaintiff. [R. 29.] This matter stems from the Plaintiff's allegation that he was kidnapped by the Paris Police, held against his will at the Bourbon County Detention Center, and subjected to inhumane conditions in violation of the Eighth Amendment. [R. 1 at 3.] The Plaintiff seeks both compensatory and punitive damages. *Id.* at 7. The Plaintiff subsequently filed a Motion to Certify a Damaged Class, where he seeks certification pursuant to Fed. R. Civ. P. 23. [R. 29 at 1.] After reviewing the record, Judge Stinnett concluded that denial of this motion is warranted. *Id.* at 3.

For the Court to certify a class, the proposed class must satisfy all the threshold requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation. *In re American Medical Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Simply regurgitating the Rule 23 elements, however, is not enough to establish that certification is

proper. *Id.* Judge Stinnett ultimately found that Shannon failed to meet the requirements of class certification because his "current request, as the Sixth Circuit warned against, merely recites the elements of Rule 23" without providing an adequate basis for each prerequisite. [R. 31 at 3.]

The Report and Recommendation notified parties of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) and directed parties to file any objections within fourteen (14) days of service of the Recommendation. *Id.* at 3. Neither party has filed objections. Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Report and Recommendation.

Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition **[R. 31]** as to Plaintiff's Motion to Certify a Damaged Class is **ADOPTED** as and for the Opinion of the Court; and

2. Plaintiff's Motion to Certify a Damaged Class **[R. 29]** is **DENIED**;

This the 10th day of September 2024.

Gregory F. Van Tatenhove
United States District Judge